### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| BYRON E. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-50297 |
| | ) | |
| vs. | ) | Hon. Frederick J. Kapala |
| | ) | |
| S. CULLINAN, M.D., | ) | Magistrate Iain D. Johnston |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO COMPEL CORRECTIONAL HEALTHCARE COMPANIES, INC.'S PRODUCTION OF DOCUMENTS AND DEPOSITION

Plaintiff Byron Adams, by his attorneys, hereby moves the Court to compel Correctional Healthcare Companies, Inc. ("CHC") – a third party that is represented by the same attorneys as Defendant Stephen Cullinan ("Cullinan")[1] – to produce all versions of relevant and critical policies requested by a subpoena that applied during the time period of Cullinan's care of Mr. Adams, and to produce Brian Hamilton – who signed CHC's Responses to the subpoena – for a deposition. In support of this Motion, Mr. Adams states as follows:

1.      Mr. Adams filed this lawsuit against Cullinan for Cullinan's deprivation of Mr. Adams' constitutional right to adequate medical treatment. The Court denied Cullinan's Motion to Dismiss and held that Mr. Adams stated a proper cause of action against Cullinan. (Dkt. 53). This lawsuit involves Cullinan's inadequate treatment and management of Mr. Adams' diabetes, including but not limited to Cullinan's failure to prescribe Mr. Adams a diabetic diet, leaving Mr. Adams to eat McDonalds every day for lunch and pizza most nights for dinner for almost 2.5 years while awaiting trial.

---

[1] Cullinan is no longer licensed to practice medicine, as his license has been revoked, suspended, or placed on permanent inactive status in every state in which Cullinan was previously licensed to practice.

2.     CHC was Cullinan's employer during the time period that Mr. Adams was in Cullinan's care − September 2009 through January 2012.  CHC's policies and protocols applied to Cullinan's provision of medical care at Lee County Jail from September 2009 through January 2012, and they therefore are critically relevant to the claims asserted in this lawsuit. CHC has produced policies responsive to Mr. Adams' requests, but has not produced all *versions* of those policies that applied during the relevant time period of September 2009 through January 2012, and has produced incomplete versions of some policies.  This Motion seeks complete copies of those versions that applied during the relevant time period.

3.     CHC was served with a subpoena on October 9, 2014, that commanded production of documents on October 20, 2014, at Schiff Hardin LLP, 233 S. Wacker Dr., Suite 6600, Chicago, IL 60606.  *See* Subpoena to CHC, attached hereto as Exhibit 1.  More specifically, CHC was served by Certified Mail on its registered agent, Illinois Corporation Service C, 801 Adlai Stevenson Dr., Springfield, Illinois 62703.  *See* Certified Mail Receipt, attached hereto as Exhibit 2; Office of the Secretary of State, Corporation Search, available online at http://www.ilsos.gov/corporatellc/ (last visited January 8, 2014).  This was proper service on CHC as a private corporation.  *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (subpoena under Federal Rule of Civil Procedure 45 may be served by certified mail); 735 ILL. COMP. STAT. 5/2-204 ("A private corporation may be served…by leaving a copy of the process with its registered agent").

4.      CHC regularly transacts business in the State of Illinois, where it has a contract worth millions of dollars with the Illinois Juvenile Justice Department.  *See* Fed. R. Civ. P. 45(c) (subpoena may command production within 100 miles of where the person regularly transacts business in person).

5.     In connection with the Subpoena, CHC is represented by Robert Vogt and Bethany Campbell, the same attorneys representing Defendant.

6. The Subpoena requests critically important documents from CHC, the company that employed Defendant while he provided inadequate medical care to Mr. Adams at the Lee County Jail. Specifically, the Subpoena seeks, among other documents:

a. "All documents from September 1, 2009 to December 31, 2012 that discuss, refer, or relate to policies or procedures in place at CHC concerning or relating to treatment of diabetic inmates";

b. "All documents from September 1, 2009 to December 31, 2012 that discuss, refer, or relate to policies or procedures in place at CHC concerning or relating to treatment of inmates with prescriptions or recommended treatment pre-dating their incarceration"; and

c. "All documents from September 1, 2009 to December 31, 2012 that discuss, refer, or relate to policies or procedures in place at CHC concerning or relating to inmate requests for special diets."

*See* Ex. 1 at Ex. A thereto, Request Nos. 4-6. CHC did not object to Requests No. 4-6 and therefore has waived any objections as to these Requests.

7. CHC produced several clinical protocols, policies, and forms, including Clinical Protocol J02, Policy D-02, Policy G-01, Policy F-02, Form 347, Form 72, and Form 77.[2] CHC, through its counsel, has at various times represented that its production was complete. However, the Policies themselves demonstrate that there exist *other versions* of the Policies that applied during the relevant time period and that the production is in other ways deficient.

i. Clinical Protocol J-02

CHC produced Clinical Protocol J-02, which lists a creation date of September 1, 2007 and an effective date of October 1, 2009, and the accompanying forms. As produced,

---

[2] Before Defendant's counsel commenced their representation of CHC, CHC's paralegal informed Plaintiff's counsel that policies produced should be treated as subject to the Confidentiality Order entered by this Court on September 15, 2014. Rather than seeking leave to file the policies under seal, Plaintiff will have copies of the policies available for the Court's review upon Presentment of this Motion.

Clinical Protocol J-02 is missing a page, as it skips from Page 1 of 3 to Page 3 of 3.[3] On January 1, 2015, Plaintiff's counsel requested that the missing page be produced, but to date has received no response or production.

Furthermore, Mr. Adams became incarcerated at Lee County Jail on or around September 16, 2009, such that the earlier version of Clinical Protocol J-02 is also relevant, as it would have applied during the first two weeks of Mr. Adams' incarceration. Clinical Protocol J-02 and its accompanying forms are critical documents, because they require that "[a]ll diabetics should have diabetic diets ordered when booked into the jail" and provide other requirements related to the treatment of diabetic inmates at Lee County Jail.

### ii. Policy F-02/Form 72

CHC produced Policy F-02, which lists an effective date of October 1, 2009 and a revision date of July 31, 2012, and accompanying Form 72, which lists an effective date of April 1, 2009 and revision dates of March 27, 2013 and July 22, 2013. Policy F-02 and Form 72 are critical documents, because they relate specifically to the provision of medical diets at Lee County Jail, and allow the jail physician to order a diabetic diet at Lee County Jail.

Policy F-02 and Form 72 on their faces demonstrate that there exist earlier versions that applied during the time period of Mr. Adams' incarceration at Lee County Jail.

### iii. Policy G-01/Form 77

CHC produced Policy G-01 and Form 77. Policy G-01 lists an effective date of July 15, 2011, and Form 77 lists an effective date of April 1, 2009 and a revision date of February

---

[3] CHC had originally produced versions of Clinical Protocol J-02 that was revised on August 6, 2012, and Cullinan had produced a version of Clinical Protocol J-02 that was revised on November 1, 2010. When presented with the November 1, 2010 version at his deposition, Cullinan – represented by the same attorneys as CHC attorneys – "point[ed] out that [the clinical protocol] was written November 1, 2010," and testified that he "ha[d]n't seen" the September 1, 2007 version of the document, leaving Plaintiff unable to effectively question Defendant about the relevant time period.

18, 2013. Policy G-01 and Form 77 are critical documents, because they relate specifically to the treatment of chronic diseases – including diabetes – at Lee County Jail.

It is clear that an earlier version of Form 77 exists, because the produced form lists an effective date of April 1, 2009. It also appears that at least one earlier version of Policy G-01 exists. First, the fact that Form 77, which is authorized by Policy G-01, had an effective date of April 1, 2009 indicates that there was likely an earlier version of G-01 serving as authority for that Form. Second, Policy G-01 sets forth that the "Chief Medical Officer shall establish and annually approve clinical protocols consistent with National Clinical Practice Guidelines." For diabetes, the Clinical Protocol is listed as J02. As discussed in Paragraph 7(i), *supra*, Clinical Protocol J02 was created at least as early as September 1, 2007, and it is likely therefore that Policy G-01, which establishes the creation of such clinical protocols, existed as of that date as well.

### iv. Policy D-02/Form 43/Missing Forms

CHC produced Policy D-02, which lists an effective date of July 15, 2011, and Form 43, which lists an effective date of April 1, 2009 and a revision date of January 30, 2013. Policy D-02 and the accompanying forms are critical because they relate to the provision of medications at Lee County Jail.

Policy D-02 lists several other forms that accompany the policy that CHC failed to produce: Form 15, Form 16, and FDA 3500.[4]

Further, it appears that at least one earlier version of Policy D-02 exists: The fact that Form 43, which is authorized by Policy D-02, had an effective date of April 1, 2009 indicates that there was likely an earlier version of D-02 serving as authority for that Form.

8.     Since November 7, 2014, Plaintiff's counsel has repeatedly asked CHC's counsel to produce the earlier versions as requested. CHC's counsel has sent Plaintiff's

---

[4] The other Forms listed on Policy D-02 are not at issue on this Motion.

counsel various emails stating that their client is "diligently searching" for the documents, but to date, the only additional document produced by CHC's counsel is the incomplete October 1, 2009 version of Clinical Protocol J-02 that is discussed in Paragraph 7(i) above.

9.     In addition, since November 3, 2014, Mr. Adams' counsel has repeatedly asked CHC's counsel for dates to depose Mr. Brian Hamilton, who signed CHC's responses to the Requests.   Mr. Adams would like to depose Mr. Hamilton regarding CHC's production, as he believes the production may be deficient in other respects.   To date, Mr. Adams' counsel has received no deposition dates from CHC's counsel.

10.     Pursuant to Local Rule 37.2, Mr. Adams' counsel hereby state that they have consulted with Defendant's counsel on numerous occasions telephonically and through electronic communications and have not been able to reach agreement after good faith attempts.   Specifically, Plaintiff's counsel discussed the issues addressed in this Motion with CHC's counsel telephonically on November 26, 2014 (Gaughan, Vogt), December 31, 2014 (Chaiken, Campbell), and December 31, 2014 (Chaiken, Vogt).   In addition, Plaintiff's counsel communicated to CHC's counsel about the Requests addressed in this Motion through electronic communications on November 7, 2014, November 17, 2014, December 16, 2014, December 19, 2014, January 1, 2015, and January 5, 2015.[5]

For these reasons, Plaintiff Byron Adams respectfully requests an order compelling CHC to produce within seven days:

1)     Each version of Clinical Protocol J02, including a complete copy of the version that became effective on October 1, 2009, and the version created on September 1, 2007;

2)     Each version of Policy F-02, including the version that became effective on October 1, 2009 and any other version that applied in September 2009;

---

[5] Fact discovery in this case is scheduled to close on January 21, 2015.  Plaintiff's counsel is hopeful, but not confident, that CHC will comply with these very reasonable Requests before the date of presentment.  To the extent that CHC provides all relevant versions of the policies by the time of presentment, Plaintiff's counsel will notify the Court and take the Motion down.

3)      Each version of Form 72, including the version that became effective on April 1, 2009;

4)      Each version of Policy D-02 that applied during the time period September 1, 2009 and December 31, 2012;

5)      Each Version of Form 15 (Medication Error Form);

6)      Each Version of FDA 3500 (FDA 3500 Med Watch form);

7)      Each version of Form G-01 that applied during the time period September 1, 2009 and December 31, 2012;

8)      Each version of Form 77, including the version that became effective on April 1, 2009;

9)      All versions of any other policies, clinical protocols, or forms that applied during the time period September 1, 2009 to December 31, 2012 to the treatment of diabetic inmates, the treatment of inmates with prescriptions or recommendations pre-dating their incarceration , or inmate requests for special diets;

10)     To Order that Mr. Hamilton's deposition be completed telephonically on January 19, 20, or 21 (at which time fact discovery in this matter is set to close); and

11)     Ordering any other relief that the Court deems just.

DATED: January 8, 2015                   /s/ *Tal C. Chaiken*_____

James P. Gaughan
Tal C. Chaiken
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Tel:    312-258-5500
Fax:    312-258-5600

*Counsel for Plaintiff Byron E. Adams*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2015, a copy of the foregoing was filed electronically with the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ *Tal C. Chaiken*_____
Tal C. Chaiken